COMMONWEALTH OF PENNSYLVANIA, PLAINTIFF, v.
THOMAS ERNEST CARR, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 18, 1950.

*Messrs. Rose & Epstein,* attorneys for the plaintiff (*Mr. A. David Epstein* appearing).

*Mr. Walter S. Keown,* attorney for the defendant.

DONGES, A. J. S. C. This case has been submitted to this court upon a written stipulation of facts.

Pursuant to *Rule* 3:52–1 of the Rules of Civil Procedure, I made the following findings of facts:

Margaret Carr, during the period from February 28, 1947, to September 30, 1949, was confined to the Norristown State Hospital, at Norristown, Pennsylvania, as a mental incompetent. The defendant was the husband of Margaret Carr up until September 30, 1949. On or about March 19, 1944, and prior to her entrance into the State Hospital, the said Margaret Carr deserted the defendant, and defendant subsequently secured a divorce from her. However, during the period in question, defendant and Margaret Carr were husband and wife. The said Mrs. Carr was committed to the aforementioned institution at the behest of her father and not at the behest of the defendant.

The Commonwealth of Pennsylvania, plaintiff, has paid for the support and maintenance of Margaret Carr from February 28, 1947, to September 30, 1949, the sum of $1,363.77.

No application has been made by plaintiff in any court of Pennsylvania for the payment of maintenance by the estate of Margaret Carr or by the defendant to plaintiff.

The statute under which plaintiff seeks recovery is *P. L.* 661, *Session of* 1915, 71 *P. S.,* § 1781 *et seq.*

Section 1 of said act makes the estate or property of any person maintained as an inmate in any hospital, home, sanitarium or other institution of the Commonwealth, at the expense of the Commonwealth, liable for such maintenance.

Section 3 reposes liability upon the husband, wife, father or mother, child or children of said inmate.

Section 4 reposes jurisdiction in the Court of Common Pleas of the county of the inmate's residence to make an order

for the payment of maintenance to the Commonwealth. This section expressly declares that the court shall take into consideration the relative's ability to pay in determining the amount to pay.

■ ■ I feel that this case must be dismissed because this court lacks jurisdiction in the matter. Sections 3 and 4 of the Pennsylvania statute do not impose an obligation to pay the exact sum expended, but makes the amount dependent upon the ability to pay. *In re Boles Estate,* 173 A. 664 (*Sup. Ct. of Pa.* 1934). There are no facts in the present case upon which I could determine defendant's ability to pay, assuming I was authorized so to do. However, I feel that the statute limits that determination to the Court of Common Pleas in Pennsylvania and the determination of the amount of recovery must be made by that court before suit could be maintained in the courts of this State.

It becomes unnecessary to determine the remaining points raised by defendant's brief. For the foregoing reasons, the complaint in this matter will be dismissed, without prejudice.